# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP PATINO,<br><br>  Petitioner,<br><br>  v.<br><br>BRANDON PRICE,<br><br>  Respondent. | Case No. 1:24-cv-00240-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDATE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

On February 26, 2024, Petitioner, a civil detainee, filed the instant petition for writ of mandate, naming the Executive Director, dental department personnel, and other employees of Coalinga State Hospital as Respondents. (ECF No. 1 at 1–2.[1]) Petitioner complains of his dental care (or lack thereof) and alleges elder abuse. (Id. at 2–3.) Petitioner requests the Court to order an independent dentist/oral surgeon, who is not affiliated nor contracted with Coalinga State Hospital, be retained to consult, examine, and render treatment to Petitioner. (Id. at 4.)

The Supreme Court has "repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). The Ninth Circuit has held:

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

> Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.

Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986) (internal quotation and citations omitted). "Accordingly, to establish his entitlement to mandamus-type relief, [Petitioner] ha[s] to plead that these three requirements [a]re met." Plaskett v. Wormuth, 18 F.4th 1072, 1081 (9th Cir. 2021).

"Federal courts have no jurisdiction or authority to issue mandamus to direct non-federal entities or officials in the performance of their duties." Andrade v. Calif. Dep't of Corr., No. 5:21-CV-00202-FMO-JC, 2021 WL 412267, at *1 (C.D. Cal. Feb. 4, 2021) (collecting cases). See Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ."); Fox v. City of Pasadena, 78 F.2d 948 (9th Cir. 1935) ("[I]t is sought to compel the officers of the City to perform their duty under the statutes of the state and under the charter of the City which regulates those duties. This is the function of a writ of mandamus over which the District Court has no jurisdiction."). Here, the extraordinary remedy of mandamus is not available because the named Respondents are not federal officers, employees, or agencies, and this Court lacks jurisdiction to issue writs of mandamus to direct non-federal officials.

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of mandamus be DISMISSED for lack of jurisdiction.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 7, 2024**

UNITED STATES MAGISTRATE JUDGE